RHESA HAWKINS BARKSDALE, Circuit Judge,
concurring in part:
Although I concur in holding personal jurisdiction is wanting because the requisite minimum contacts are lacking, I do not concur in the opinion’s extensive dicta, including parts about: whether the Texas long-arm statute applies (part A), the par *490 ties having conceded it does; state officials being sued in their individual capacity (part B.I.), Richardson having been sued only in her official capacity; and either whether the claim arises out of minimum contacts (part B.2.) or the reasonableness of a court’s exercise of personal jurisdiction (part B.3.), because, as noted, those contacts are lacking.
The opinion covers the proverbial waterfront; but, all that is required to decide this appeal is found in a very small portion of it. No authority really need be cited for the longstanding acknowledgment that courts, most especially federal courts, function best, and most properly, in their assigned, limited role when they decide an issue on its most narrow, necessary basis and do not engage in unwarranted exploration of areas best left for when it is absolutely necessary to venture there. E.g., Marshall v. Marshall, 547 U.S. 293, 315-16, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006) (Stevens, J., concurring in part) (stating “obiter dicta dicta that the Court now describes as redundant if not incoherent generated both confusion and abdication”) (citations omitted); Jama v. Immigration and Customs Enforcement 543 U.S. 335, 351 n. 12, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005) (“Dictum settles nothing, even in the court that utters it.”); Ankenbrandt v. Richards, 504 U.S. 689, 717 n. *, 112 S.Ct. 2206 (1992) (Stevens, J., concurring in the judgment) (“An easy case is especially likely to make bad law when it is unnecessarily transformed into a hard case.”).